IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEA ANN BAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-09-859-D |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
|   Commissioner of Social Security | ) | |
|   Administration, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

Plaintiff filed her application on June 28, 2006, and alleged that she became disabled

1

on May 8, 2006, due to asthma, chronic obstructive pulmonary disease ("COPD"), heart problems, high blood pressure, depression, and psoriasis. (TR 82-84, 93). At the time she filed her application, Plaintiff was 54 years old. She had previously worked for many years as a sales representative, although she stopped working in May 2006 and began receiving disability benefits from her employer in July 2006. (TR 94, 101, 119-122, 126). In a function report dated June 29, 2006, Plaintiff stated that she walked in the mornings, lived with and cared for her elderly grandmother, drove, grocery shopped, and performed household maintenance chores with breaks at half-hour intervals. (TR 109-116). Plaintiff estimated she could walk one-half block before stopping to rest for 10 to 15 minutes, and she reported that her ability to talk, walk, lift, stair climb, and concentrate were limited by shortness of breath. (TR 114). Plaintiff also reported that stress caused shortness of breath and that she used oxygen at night. (TR 115).

Plaintiff further reported that she had been diagnosed in June 2006 with arthritis in her shoulder and obstructive sleep apnea requiring a CPAP breathing machine, and that she spent two to five days per week in bed. (TR 138, 144, 159). Plaintiff also described "extreme anxiety" due to shortness of breath, severe stress, and depression. (TR 165).

Plaintiff's application was denied initially and on reconsideration. (TR 41, 42). At Plaintiff's request, a hearing *de novo* was conducted before Administrative Law Judge Parrish ("ALJ") on September 9, 2008, at which Plaintiff and a vocational expert ("VE") testified. (TR 19-39). The ALJ subsequently issued a decision in which the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (TR 10-18).

Plaintiff's request for review of the decision by the Appeals Council was denied. (TR 1-5). Plaintiff now seeks judicial review of the final decision of the Commissioner embodied in the ALJ's determination.

II. Standard of Review

Judicial review of this action is limited to determining whether the Commissioner's decision is based upon substantial evidence and whether the correct legal standards were applied. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir. 1991). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). Because "all the ALJ's required findings must be supported by substantial evidence," Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999), the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also "discuss the uncontroverted evidence [the ALJ] chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects." Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992). However, the court must "meticulously examine the record" in order to determine whether the evidence in support of the Commissioner's decision is substantial, "taking into account whatever in the record fairly detracts from its weight." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004)(internal quotation omitted).

The Social Security Act defines disability as the "inability to engage in any substantial

3

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520(b)-(f) (2009); see also Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005)(describing five steps in detail). Where a *prima facie* showing is made that the plaintiff has one or more severe impairments and can no longer engage in prior work activity, "the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given [the claimant's] age, education, and work experience." Grogan, 399 F.3d at 1261; accord, Channel v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984).

III. Hearing Testimony, Decision, and Claims

At her hearing, Plaintiff testified that she had COPD, asthma, heart problems controlled with medication, and depression. Plaintiff stated that she stopped working in May 2006 because she had missed approximately three weeks of work in 2006 due to breathing difficulty and stress associated with her job. Plaintiff testified that she had been prescribed multiple inhaler medications, a CPAP machine, and blood pressure medication, and that she was limited in her daily activities due to exhaustion, coughing, wheezing, and shortness of breath. Plaintiff stated she could perform household maintenance chores for approximately 15 minutes at a time and then she must sit down for 15 to 30 minutes to rest. Plaintiff further testified that she drove although she sometimes had "coughing fits" during driving, that her

4

medications were helpful, and that she stopped smoking approximately two months before the hearing.

The VE testified that Plaintiff had previously worked as an inside sales representative and this job was classified as sedentary, skilled work. Plaintiff had also previously worked as an outside sales representative and this job was light, skilled work. Plaintiff had worked briefly as a retail sales clerk, which was light, semi-skilled work. In response to hypothetical questioning concerning the availability of work for a 56-year-old individual with the same vocational history as Plaintiff and the ability to perform sedentary work with only occasional climbing and no exposure to pollutants, dust, or fumes, the VE testified that such an individual could perform the Plaintiff's previous job of inside sales representative and the sedentary jobs of sales record clerk, sales review clerk, and cash sales audit clerk.

In the ALJ's decision, the ALJ summarized the medical evidence. Following the established sequential procedure, the ALJ found at step one that Plaintiff had not worked since her alleged disability onset date of May 8, 2006. At step two, the ALJ found that Plaintiff had severe impairments due to COPD with some degree of emphysema, single vessel coronary artery disease controlled by medication, hypertension controlled by medication, sleep apnea/hypopnea responsive to CPAP, depression, and anxiety. At step three, the ALJ found that, considering the medical evidence, Plaintiff's impairments did not satisfy the Listing of Impairments for impairments deemed disabling *per se*. At the fourth step, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at the light exertional level limited to work not involving more than occasional

climbing or extended exposure to environmental pollutants such as dust, fumes, odors, gases, and poor ventilation. In connection with the RFC finding, the ALJ noted that Plaintiff's treating family physician, Dr. Miles, opined in May 2008 that Plaintiff was totally disabled and unable to work. The ALJ found that this opinion was not supported by medically acceptable clinical and laboratory diagnostic techniques and was not consistent with the contemporaneous medical treatment notes and other substantial evidence in the record. Based on these reasons, the ALJ concluded that Dr. Miles' opinion was "not entitled to controlling weight." (TR 14-15).

Relying on the RFC finding and the VE's testimony concerning Plaintiff's transferable skills and the availability of jobs for an individual with Plaintiff's RFC and vocational characteristics, the ALJ found that Plaintiff (1) was capable of performing her previous job as an inside sales representative and (2) was capable of performing other jobs available in the economy, including the jobs of sales record clerk, sales review clerk, and cash sales audit clerk. In consideration of these step four and step five findings, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff contends that the ALJ erred in evaluating Dr. Miles' opinion that Plaintiff was disabled and Dr. Miles' assessment of her functional limitations. Specifically, relying on the Tenth Circuit's decision in Watkins v. Barnhart, 350 F.3d 1297 (10th Cir. 2003), Plaintiff contends that after the ALJ found that Dr. Miles' opinion/assessment was not entitled to controlling weight the ALJ failed to consider what weight to give Dr. Miles' opinion/assessment given the factors set forth in the regulations for assessing the issue.

Additionally, Plaintiff contends that the ALJ erred in failing to give controlling weight to Dr. Miles' opinion/assessment, that the ALJ ignored evidence in Dr. Miles' treatment record that was consistent with the opinion/assessment, that the ALJ ignored the lengthy period of time in which Dr. Miles treated Plaintiff, and that the ALJ erred in failing to discuss all of the factors set forth in the Watkins decision and the regulations. The Commissioner responds that the ALJ properly evaluated Dr. Miles' opinion/assessment and provided sufficient reasons to reject the opinion/assessment based on substantial evidence in the record. The Commissioner argues that even if the ALJ erred in failing to discuss the relevant factors for determining what weight to give Dr. Miles' opinion/assessment, the error is harmless.

IV. Treating Physician's Opinion

When an ALJ considers the opinion of a disability claimant's treating physician, the ALJ must follow a specific procedure in analyzing the medical opinion. The regulations define "medical opinions" as:

> statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.

20 C.F.R. § 404.1527(a).

Generally, an ALJ must give the opinion of an acceptable treating source controlling weight if the opinion is both "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and consistent with other substantial evidence in the record. Watkins,

350 F.3d at 1300 (quoting SSR 96-2p, 1996 WL 374188, at *2). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id. In that event, the ALJ must determine what weight, if any, should be given to the opinion by considering such factors as:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Id. at 1301 (quotation omitted). See 20 C.F.R. § 404.1527(d). The ALJ "must give good reasons ... for the weight assigned to a treating physician's opinion" that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." Watkins, 350 F.3d at 1300 (quotations omitted). The ALJ must also set forth specific, legitimate reasons for completely rejecting an opinion of an acceptable treating source. Id. at 1301.

The record shows that Dr. Miles, a family physician, or his physician's assistant treated Plaintiff for various conditions, including respiratory infections, colds, ear infections, hypertension, insomnia, plantar fasciitis, depression, and tendonitis between 1991 and 2007. (TR 253-263, 371, 380-393). In May 2008, Dr. Miles completed a Physical Medical Source Statement. (TR 507-508). On this form, Dr. Miles indicated Plaintiff could only sit, stand,

or walk for 30 minutes at a time and 30 minutes during an 8-hour day. Dr. Miles also stated that Plaintiff could never lift any weight and could never bend, squat, crawl, climb, or reach. (TR 507). Dr. Miles stated that Plaintiff's symptoms would interfere with her attention and concentration more than 20 % of a typical work day and that she is "totally & permanently disabled" such that "a [sic] 8 hour break won't help" and "[e]very day is a bad day do [sic] to her COPD." (TR 508). The physician noted Plaintiff exhibited positive objective signs of "muscle atrophy" and "muscle weakness," and that chest x-rays and pulmonary function testing supported the limitations, although Dr. Miles did not describe any particular objective medical test results. (TR 508).

The ALJ addressed Dr. Miles' medical source opinion in his decision. The ALJ stated that the opinion was evaluated in consideration of the criteria set forth in 20 C.F.R. §404.1527(d) and for reasons set forth in the decision the opinion was "not entitled to controlling weight." (TR 14-15).

The ALJ stated:

> [T]he claimant has been with ongoing medical treatments and attention by a pulmonologist and general practice [sic] secondary to diagnoses of COPD with some degree of emphysema, 2005 episode of single vessel coronary artery disease controlled by medication, hypertension controlled by medication, and sleep apnea/hypopnea responsive to CPAP .... There is no showing that the claimant has experienced frequent or prolonged episode[s] of acute respiratory distress, asthma, chest pain, hypertension or other health impairments requiring emergency or crisis treatments.... In addition, there is no showing that the claimant has suffered any myocardial infarctions, strokes, or other catastrophic events. Nor is she shown to suffer significant respiratory/pulmonary complications

> or progressions including pneumonia, lung infiltrates or effusions, pneumothorax, widened mediastinum, congestive heart failures, cardiomegaly, or peripheral artery disease. The pulmonary function studies and physical examinations show the claimant to exhibit signs of only mild to moderate reductions in her overall respiratory/pulmonary functions. With exception of CPAP treatments administered at night there is no showing that claimant requires oxygen therapy to assist her respiratory/pulmonary functions. Physical examinations have not shown the claimant to be considerably restricted in her physiological functions. Specifically, she is not shown to suffer significant chronic pain or other musculoskeletal impairments that affects [sic] her ability to sit, stand, walk, or otherwise perform exertional abilities.

(TR 15).

Although the ALJ did not expressly recite the factors set forth in Watkins, supra, and the regulations, it is clear that the ALJ considered many of these factors, including Plaintiff's treatment relationship with Dr. Miles, the degree to which Dr. Miles' opinion/assessment was supported by relevant evidence, the consistency between Dr. Miles' opinion/assessment and the record as a whole, and the fact that Dr. Miles was a general practice physician and not a pulmonary specialist. Plaintiff complains that the ALJ did not express what weight was actually given to Miles' opinion/assessment, although it is clear from the ALJ's decision that the ALJ rejected the opinion as being inconsistent with Dr. Miles' own treatment records and also inconsistent with other evidence in the record, particularly the records of Plaintiff's treating pulmonary specialist, Dr. Marion.

Dr. Miles' treatment records from 2004, 2005, 2006, and 2007 show that Plaintiff exhibited clear lungs with no rales during all but two of the visits that Plaintiff made to the

physician during those years. (TR 371, 380-382, 386, 390). On one occasion in July 2005 and another occasion in June 2006, Dr. Miles' physician's assistant noted that Plaintiff exhibited mild wheezing or rhonchi. (TR 388, 392). Plaintiff began treatment with Dr. Marion, a pulmonary specialist, in May 2006. Dr. Marion noted that Plaintiff was still smoking in May 2006 although she complained of shortness of breath and daily coughing and wheezing. (TR 424). Dr. Marion noted Plaintiff exhibited diminished breath sounds but no wheezes, and pulmonary function testing showed forced expiratory volume of 69 % with low diffusing capacity. (TR 425). Medication was prescribed for COPD with some degree of emphysema. (TR 426). Following a sleep study that Plaintiff underwent in June 2006, Dr. Marion noted Plaintiff's testing showed mild obstructive sleep apnea with hypopnea and that her respiratory disturbances and oxygen desaturations resolved with application of a CPAP machine. (TR 447). In June 2006, Dr. Marion noted that repeated spirogram testing showed significant improvement from the previous month's test result. (TR 423). Dr. Marion noted Plaintiff's lungs were clear and without wheezes, rales, or rhonchi. The diagnostic assessment was chronic bronchitis with a reversible component, and her medication was adjusted. (TR 423). Dr. Marion continued to diagnose Plaintiff was chronic bronchitis, and the physician noted she did not appear chronically ill on subsequent follow-up visits in 2006, 2007, and 2008. (TR 413, 415, 418, 421, 506).

The ALJ's decision provided "sufficiently specific" reasons for rejecting Dr. Miles' opinion/assessment. Watkins, 350 F.3d at 1300. The ALJ's failure to explicitly discuss each of the factors set forth in 20 C.F.R. § 404.1527(d) is not error. See Oldham v. Astrue, 509

F.3d 1254, 1258 (10th Cir. 2007)(ALJ need not expressly consider each 404.1527(d) factor).

The ALJ found that Plaintiff was capable of performing work at the light exertional level with additional limitations that did not preclude her performance of her previous inside sales representative position. Plaintiff does not challenge the RFC finding or the step four conclusion based on the RFC finding and the VE's testimony. There is substantial evidence in the record, particularly the treatment records of Dr. Marion described above, and pulmonary function testing showing Plaintiff exhibited only mild to moderate impairment, to support the RFC finding and step four conclusion. Therefore, the Commissioner's decision should be affirmed.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's application for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before      July 19th      , 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this     28th     day of     June    , 2010.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE